GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: JENNIFER LANE GACHIRI
Assistant United States Attorney
One Saint Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2209

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

-v.-

THE PAINTING KNOWN AS *ROSES IN A BLACK VASE*, BY THE ARTIST JULIAN ALDEN WEIR,

Defendant in Rem.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

VERIFIED COMPLAINT FOR FORFEITURE

18 Civ. ___ (___)

Plaintiff United States of America, by its attorney Geoffrey S. Berman, United States Attorney for the Southern District of New York, for its verified complaint, alleges, upon information and belief, as follows:

## I. JURISDICTION AND VENUE

1. This action is brought by the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), seeking the forfeiture of all right, title and interest in the painting known as *Roses in a Black Vase*, by the artist Julian Alden Weir (or J. Alden Weir), currently located at the law office of the attorney representing the individual identified below as "Individual-2" (the "Defendant in Rem Painting").

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper pursuant to 28 U.S.C. §§ 1355(b)(1) and 1395 because the acts or omissions giving rise to the forfeiture occurred in the Southern District of New York and the Defendant in Rem Painting is located in the Southern District of New York.

4. The Defendant in Rem Painting constitutes property traceable to violations of 18 U.S.C. §§ 2314 and 2315 and thus is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

## II. PROBABLE CAUSE FOR FORFEITURE

5. As set forth below, there is probable cause to believe that the Defendant in Rem Painting, the estimated worth of which exceeds $5,000, was stolen and unlawfully converted in or about June 1999 from a hotel in New York, and was thereafter transported to Connecticut before returning to New York in or about April 2017, in violation of Title 18, United States Code, Sections 2314 and 2315.

6. In or about June 1999, the Defendant in Rem Painting was stolen from the Cooper Inn, a historic hotel located in Cooperstown, New York. The Defendant in Rem Painting, an 1885 watercolor measuring 9.5 inches by 13.5 inches unframed, was painted by J. Alden Weir, a renowned American impressionist whose works can be found in numerous museums including the Metropolitan Museum of Art and the Smithsonian American Art Museum, and depicts a small group of white flowers and cut leaves in a black vase.

7. Prior to its theft, the Defendant in Rem Painting had been owned by the family of the owner of the Cooper Inn (the “Owner’s Family”) for more than a century. Members of the Owner’s Family had acquired three paintings by Weir, including the Defendant

in Rem Painting, at a February 7, 1889 auction held by an auction house located in New York City, New York (the "New York Auction House"). The listing for the New York Auction House's auction of the Defendant in Rem Painting, obtained from the Smithsonian Archives of American Art in Washington D.C., titles the Defendant in Rem Painting *Flowers in a Black Japanese Jar*, and describes it as a 9.5 inch by 13.5 inch watercolor by J. Alden Weir. The other two paintings by Weir purchased by the Owner's Family were *A Belt of Wood* and *In the Adirondacks* (collectively with the Defendant in Rem Painting, the "Weir Paintings").

8.      The Defendant in Rem Painting is visible in a photograph of the sitting room of the Cooper Inn (the "Sitting Room Photograph," attached hereto as Exhibit A), provided by the Owner's Family.

9.      Over two separate occasions in June, the Weir Paintings and a fourth painting, *Two Horses*, by Horatio Walker (the "Walker Painting"), were stolen from the Cooper Inn: *A Belt of Wood* and *In the Adirondacks* on June 5, 1999 (the "June 5th Theft") and the Defendant in Rem Painting and the Walker Painting on June 26, 1999 (the "June 26th Theft").

10.     On or about July 24, 2001, an individual ("Individual-1") sold the Defendant in Rem Painting to a Connecticut-based art dealer ("Dealer-1") for approximately $10,000. The bill of sale from Individual-1 to Dealer-1 memorialized the sale of a "J.A. Weir still life (Roses) painting watercolor framed."

11.     Individual-1 had also been in possession of *A Belt of Wood*, stolen from the Cooper Inn during the June 5th Theft, which Individual-1 also sold to Dealer-1, on or about January 18, 2002.

12. On or about July 25, 2001, a day after acquiring the Defendant in Rem Painting, Dealer-1 sold the Defendant in Rem to a New York-based art dealer ("Dealer-2") for approximately $25,000. In its internal documentation, as well as its bill of sale to Dealer-2, the Defendant in Rem Painting is referred to as "*Flowers in a Japanese Vase*," and described as a watercolor and gouache measuring 13.5 inches by 9.5 inches.

13. On or about October 24, 2003, as memorialized in a Dealer-2 invoice, Dealer-2 sold the painting to an individual ("Individual-2") for approximately $65,000. An April 16, 2012 email from an attorney representing the estate of the then-deceased Dealer-2 to the Federal Bureau of Investigation ("FBI") confirmed the October 24, 2003 sale to Individual-2, therein describing the Defendant in Rem Painting as *Flowers in a Japanese Vase*, a 13.5 inch by 9.5 inch J. Alden Weir watercolor signed "JA W '85" in the lower left hand corner.

14. The Defendant in Rem Painting was in Individual-2's possession at his address in Connecticut after he purchased it on or about October 24, 2003, until at least on or about April 28, 2017. It is currently located at the law office of Individual-2's attorney in New York.

15. Individual-2, by and through his attorney, has provided the FBI with a photograph of the Defendant in Rem Painting (the "Individual-2 Photograph," attached hereto as Exhibit B). Except for the frame, the image of the Defendant in Rem Painting seen in the Individual-2 Photograph matches the image of the Defendant in Rem Painting appearing in the Sitting Room Photograph. *See* Exhibit A.

## III. CLAIMS FOR FORFEITURE

### CLAIM ONE

**Forfeiture Under 18 U.S.C. § 981(a)(1)(C)**
**(Proceeds Traceable to a Violation of the National Stolen Property Act, 18 U.S.C. § 2314)**

16. Paragraphs 1 through 15 of this Complaint are repeated and re-alleged as if fully set forth herein.

17. 18 U.S.C. § 981(a)(1)(C) subjects to forfeiture "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."

18. 18 U.S.C. § 1956(c)(7)(A) provides that the term "specified unlawful activity" includes "any act or activity constituting an offense listed in section 1961(1) of this title." Included among the enumerated offenses in 18 U.S.C. § 1961(1) are 18 U.S.C. §§ 2314 and 2315.

19. 18 U.S.C. § 2314 provides that "[w]hoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud" shall be subject to criminal penalties.

20. The Defendant in Rem Painting is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because there is probable cause to believe that the Defendant in Rem Painting constitutes proceeds of an offense that is a specified unlawful activity, in that the

Defendant in Rem Painting is property of the value of $5,000 or more that was stolen and was thereafter transported and transferred in interstate or foreign commerce.

**CLAIM TWO**

**Forfeiture Under 18 U.S.C. § 981(a)(1)(C)**
**(Proceeds Traceable to a Violation of the National Stolen Property Act, 18 U.S.C. § 2315)**

21. Paragraphs 1-15 and 17-18 of this complaint are repeated and re-alleged as if fully set forth herein.

22. 18 U.S.C. § 2315 provides that:

> [w]hoever receives, possesses, conceals, stores, barters, sells, or disposes of any goods, wares, or merchandise, securities, or money of the value of $5,000 or more, or pledges or accepts as security for a loan any goods, wares, or merchandise, or securities, of the value of $500 or more, which have crossed a State or United States boundary after being stolen, unlawfully converted, or taken, knowing the same to have been stolen, unlawfully converted, or taken [shall be subject to criminal penalties.]

23. The Defendant in Rem Painting is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because there is probable cause to believe that the Defendant in Rem Painting constitutes proceeds of an offense that is a specified unlawful activity, in that the Defendant in Rem Painting is property of the value of $5,000 or more that was stolen and was thereafter received, possessed, concealed, stored, bartered, sold or disposed of in interstate or foreign commerce.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant in Rem Painting and that all persons having an interest in the Defendant in Rem Painting be cited to appear and show cause why the forfeiture should not

be decreed, and that this Court decree forfeiture of the Defendant in Rem Painting to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
August 23, 2018

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff
United States of America

By: ____________________
JENNIFER LANE GACHIRI
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-2209

**VERIFICATION**

STATE OF NEW YORK )
COUNTY OF NEW YORK :
SOUTHERN DISTRICT OF NEW YORK )

CHRISTOPHER McKEOGH, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation (the "FBI"), and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

The sources of deponent's information and the ground of his belief are official records and files of the FBI, information obtained directly by the deponent, and information obtained by other law enforcement officials, during an investigation of alleged violations of Title 18 of the United States Code.

CHRISTOPHER McKEOGH
Special Agent
Federal Bureau Investigation

Sworn to before me this
23 day of August, 2018

NOTARY PUBLIC

MICHAEL BIRLEY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BI4994280
Qualified in Suffolk County
Commission Expires March 30, 2022

Case 1:18-cv-07697   Document 1-1   Filed 08/23/18   Page 1 of 1



